UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ROBERT MASON,
GEORGE MORALES,

                Plaintiffs,

**Hon. Hugh B. Scott**

                v.                05CV348S

**Order**

COMMISSIONER GLENN S. GOORD,
SUPT. J. CONWAY,

                Defendants.

     Plaintiff Robert Mason in this action has applied to the Court for appointment of counsel pursuant to 28 U.S.C. § 1915(e) (Docket No. 15). To date, there is no similar application by co-plaintiff George Morales. This action was originally assigned to Judge John Elfvin. A motion to dismiss (Docket No. 9) has been pending in this case, deemed submitted since December 2005 by Judge Elfvin. The case was reassigned to Judge William Skretny on October 17, 2007 (Docket No. 14).

     Under 28 U.S.C. § 1915(e), the Court may appoint counsel to assist indigent litigants. Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc., 865 F.2d 22, 23 (2d Cir. 1988). Assignment of counsel in this matter is clearly within the judge's discretion. See In re Martin-Trigona, 737 F.2d 1254 (2d Cir. 1986). The factors to be considered in deciding whether or not to assign counsel are set forth by the Second Circuit in Hodge v. Police Officers, 802 F.2d 58 (2d Cir. 1986). Counsel may be appointed in cases filed by indigent plaintiffs where it appears that

such counsel will provide substantial assistance in developing petitioner's arguments, the appointment will otherwise serve the interests of justice, and where the litigant has made "a threshold showing of some likelihood of merit." Cooper v. A. Sargenti Co., 877 F.2d 170, 174 (2d Cir. 1989).

      The Court has reviewed the facts presented herein in light of the factors required by law. Based on this review, Mason's motion for appointment of counsel is **DENIED WITHOUT PREJUDICE AT THIS TIME**. The allegations here are relatively straight forward (alleging Eighth Amendment violations in breaching duty to protect and failure to administer adequate medical remedy in not furnishing Mason medically prescribed boots) and Mason has been capable in presenting his contentions, despite his contrary contentions (cf. Docket No. 15, Pl. Mason Motion ¶ 2), the case is not complicated and has only two defendants in the case.

      It remains Mason's responsibility to retain his own attorney or to press forward with his lawsuit pro se, 28 U.S.C. § 1654.

      So Ordered.

                                                               /s/ Hugh B. Scott
                                                            Hon. Hugh B. Scott
                                                    United States Magistrate Judge

Dated: Buffalo, New York
       November 19, 2007